Filed 1/26/26  P. v. Gaono CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MEKI GAONO,<br><br>  Defendant and Appellant. | D085614<br><br>(Super. Ct. No. SCN222540) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury found Meki Gaono guilty of the premeditated murder of a police officer (count 1) and the assault of a second police officer with a firearm (count 2), with gang and firearm enhancements found true as to both counts.  He was sentenced to life without the possibility of parole plus an additional 61 years to life on the enhancements.  His conviction was affirmed on direct appeal.

In 2016 Gaono successfully petitioned for a writ of habeas corpus, and his sentence was vacated.  Thereafter his case was certified to juvenile court

for a hearing pursuant to Welfare and Institutions Code section 707. After the hearing, the juvenile court transferred the matter to the adult criminal court of the Superior Court for resentencing.[1]

On February 11, 2025, as to count 1, Gaono was sentenced to life without the possibility of parole, together with an indeterminate term of 25 years to life on the murder count for the gun enhancement under section 12022.53, subdivision (d). As to count 2, the court sentenced Gaono to the middle term of six years, together with a determinate term of 20 years for the section 12022.53, subdivision (d) enhancement, resulting in a total sentence of 51 years plus life without the possibility of parole.[2]

Gaono filed a timely notice of appeal of the resentencing.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Gaono the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified one possible issue that was considered in evaluating

---

[1]    Gaono separately appealed the order transferring his case from the juvenile court to criminal court. Our court affirmed the order in an unpublished opinion, *People v. Meki G.*, D085507 (Nov. 18, 2025).

[2]    Notwithstanding the sentence, Gaono will be entitled to a "Youth Offender" parole hearing under Penal Code sections 3051 and 4801 after he has served 25 years of his sentence.

the potential merits of this appeal, namely whether the sentencing court abused its discretion in refusing to strike, dismiss, or vacate the section 12022.53, subdivision (d) enhancements attached to counts 1 and 2.

We have independently reviewed the entire record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Gaono on this appeal.

DISPOSITION

The judgment is affirmed.


KELETY, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

3